MWG:SR
F. #2026R00168

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

JOSEPH TAYLOR MCKEEL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T

(18 U.S.C. § 2252(a)(4)(B))

No. 26-MJ-58

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL BUSCEMI, being duly sworn, deposes and states that he is a Special

Agent with the Federal Bureau of Investigations ("FBI"), duly appointed according to law and

acting as such.

On or about March 18, 2026, within the Eastern District of New York and

elsewhere, the defendant JOSEPH TAYLOR MCKEEL did knowingly and intentionally

possess with intent to view matter containing one or more visual depictions, to wit: images in

digital files contained within a thumb drive, and which visual depictions had been mailed,

and shipped and transported in, and using a means and facility of, interstate and foreign

commerce, and which were produced using materials which had been mailed, and so shipped

and transported, by any means, including by computer, the production of such visual

depictions having involved the use of one or more minors engaging in sexually explicit

conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, 2252(a)(4)(B))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2015.   I am assigned to the Child Exploitation and Human Trafficking Task Force in the FBI's New York Field Office.   During my tenure with the FBI, I have participated in the investigation of cases involving crimes against children.   Specifically, I have experience investigating cases involving the sexual exploitation of minors and the production, receipt, distribution, and possession of child pornography, also referred to as child sexual abuse material ("CSAM").[2]   I have conducted physical surveillance, executed search warrants, reviewed and analyzed electronic devices, and interviewed suspects and witnesses.   As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in child exploitation crimes to conceal their actions from detection by law enforcement.

2.      I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2]      The term "child pornography" is defined as set forth in 18 U.S.C. § 2256(8), which, in pertinent part, states that "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. . . ." 18 U.S.C. § 2256(8); see also Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002) (analyzing constitutional validity of the definitions set forth in 18 U.S.C. § 2256(8)).

2

3. On or about and between September and November 2025, an online undercover agent ("UC") with Police Scotland joined a Telegram group titled "Just guys and football" as part of an investigation into the dissemination of CSAM over Telegram. On or about September 7, 2025, the UC received access to a Zoom meeting URL from two suspected members of the "Just guys and football" Telegram group. The UC accessed the link and observed multiple CSAM images being broadcast on the Zoom meeting. The UC preserved the activity via three screen recordings, which the FBI has reviewed.

4. Police Scotland observed that one of the participants on the above-described Zoom meeting was a Zoom user with username "NYSubSlut" and a certain IP address ending in .106.

5. Zoom records and IP records indicated that this Zoom user with IP address ending in .106 were associated with the defendant JOSEPH TAYLOR MCKEEL. Based on this information, on or about March 17, 2026, the Honorable Vera M. Scanlon, United States Magistrate Judge, Eastern District of New York, signed a warrant to search MCKEEL and his home in Brooklyn, New York, for evidence of CSAM, including on electronic devices.

6. On or about March 18, 2026, I, along with other members of the FBI, executed the above-described warrant. MCKEEL was present at the time the warrant was executed. Electronic devices believed to belong to MCKEEL were seized pursuant to the warrant, and a subsequent search revealed the presence of CSAM on those devices.

7. Among other items, a thumb drive was seized pursuant to the warrant. Review of the thumb drive and additional electronic devices recovered from MCKEEL is ongoing, but, to date, I have identified approximately 150 images and/or videos containing CSAM on the thumb drive.

WHEREFORE, your deponent respectfully requests that the defendant JOSEPH TAYLOR MCKEEL be dealt with according to law.

MICHAEL BUSCEMI
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18th day of March, 2026

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4